Darren W. Saunders (DS-7541)
Mark I. Peroff (MP-6858)
Joanna A. Diakos (JD-7269)
K&L GATES LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212) 536-3900
Fax: (212) 536-3901

*Attorneys for Parfums Grès SA*



**Judge Hellerstein**

'08 CIV 6028

RECEIVED
JUL 02 2008
U.D.C.S.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PARFUMS GRÈS SA,                              )
                                              )      Civil Action No. _____
         *Plaintiff,*                         )
                                              )
              -against-                       )
                                              )
PERFUME WORLD CENTER, LLC,                    )
                                              )
         *Defendant.*                         )
------------------------------------------------------------x

## COMPLAINT

Parfums Grès SA ("Parfums Grès"), by its undersigned attorneys, for its complaint against Defendant Perfume World Center, LLC ("Perfume World") alleges as follows:

### NATURE OF THE ACTION

1. This action involves the distribution and sale of counterfeit perfume products. Upon information and belief, Perfume World is distributing and selling counterfeit versions of Plaintiff's Cabotine de Grès perfume and is using Parfums Grès's registered "Cabotine de Grès" trademark without authorization, creating the false impression that the products Defendant is selling are genuine and authentic.

2. Parfums Grès seeks injunctive and monetary relief against Perfume World for: (a) federal trademark infringement under 15 U.S.C. § 1114; (b) false descriptions and

representations and false designation of origin under 15 U.S.C. § 1125 (a); (c) federal trademark dilution under 15 U.S.C. § 1125 (c); (d) dilution of trademark and injury to business reputation under New York General Business Law § 360-1; (e) counterfeiting under 15 U.S.C. § 1116(d); (f) deceptive trade practices under New York General Business Law § 349; (g) unfair competition under the common law of the State of New York; and (h) unjust enrichment under the laws of the State of New York.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, and the general principles of ancillary and pendent jurisdiction.

4. This Court has personal jurisdiction over Perfume World, which conducts business in the State of New York.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391.

## PARTIES

6. Parfums Grès SA is a joint stock company organized and existing under the laws of Switzerland, having its principal place of business at Buhlstrasse 1, CH-8125 Zollikerberg, Switzerland.

7. Upon information and belief, Perfume World is a New York limited liability corporation with a principal place of business at 1204 Broadway, Ste. 3, New York, NY 10001.

## THE CABOTINE DE GRÈS PRODUCT AND TRADEMARK

8. The Parfums Grès brand name was established by the exceptional personality of Madame Grès, who was originally a hat maker. The brand name has long-ago attained a prestigious image in the fashion and fragrance fields.

- 3 -

9. Parfums Grès marketed its first fragrance, CABOCHARD, in 1959, and today it is recognized as a true classic fragrance.

10. In 1990, Parfums Grès introduced a second fragrance, CABOTINE DE GRÈS, with a new concept targeted to a younger customer base. The new fragrance was an immediate success. In 1992, CABOTINE DE GRÈS received the International Award for Best Women's Fragrance from the prestigious Accademia del Profumo in Italy.

11. The perfume is sold in a unique bottle and cap that was designed by the French design firm Thierry Lecoule. The bottle is a clear glass, oval-shaped design with a cut glass bottom and a tapered top that simulates a vase. The cap is an elegant, green-colored glass sculpture of flowers. The box is cream colored with embossed flowers on the front and side panels and a distinctive blue, yellow and green repeated design. The CABOTINE DE GRÈS trademark appears prominently on the bottle and front panel of the box. The bottle and box for

CABOTINE DE GRÈS perfume are shown below.

 

12.     The CABOTINE DE GRÈS trademark is used with other products in addition to perfumes, including body lotions, shower gels, and other accessories.

13.     The CABOTINE DE GRÈS products are commercially significant to Parfums Grès. Since 2005, the CABOTINE DE GRÈS products have generated nearly 26 million Swiss francs (about 25 million U.S. dollars) in revenue worldwide, including over 3 million Swiss francs in U.S. sales.

14.     As a result of its promotional efforts and its high quality products, Parfums Grès owns valuable rights in the CABOTINE DE GRÈS trademark and the goodwill associated with the trademark. Consumers of fine fragrance products in the United States and abroad recognize CABOTINE DE GRÈS and associate it with a single source.

15.     Parfums Grès has engaged and continues to engage in interstate activities to promote the CABOTINE DE GRÈS products and the business and goodwill associated with its trademark in the State of New York and throughout the United States. For example, Parfums

Grès provides retailers, free of charge, with various promotional items to use in stores and to give to consumers to advertise and promote CABOTINE DE GRÈS. These include gift sets (free gift with purchase), miniature bottles of perfume, tester bottles and stands, banners for in-store display, blotter cards and other goods.

16. Parfums Grès has spent in excess of $100,000.00 advertising and promoting its CABOTINE DE GRÈS products in the United States as of last year.

17. In recognition of Parfums Grès's exclusive rights in and to the CABOTINE DE GRÈS trademark, the United States Patent and Trademark Office granted U.S. Registration No. 1,944,810 to Parfums Grès on January 2, 1996. Parfums Grès's CABOTINE DE GRÈS trademark is in full force and is incontestable. (A true and correct copy of the certificate of federal registration for the CABOTINE DE GRÈS trademark is attached as Exhibit A.)

### DEFENDANT'S ACTIVITIES AND PERFUME PRODUCT

18. Defendant Perfume World sells perfume products. Perfume World has a retail store located at 1204 Broadway, Store #3, New York, New York.

19. On April 30, 2008 a private investigator retained by Parfums Grès purchased two 3.4 fl. oz. bottles of "Cabotine de Grès" perfume from Perfume World (hereinafter referred to as the "Purported CABOTINE DE GRÈS perfume"). The Retail price paid was $13.00 per bottle. (A true and correct copy of the invoice is attached hereto as Exhibit B.)

20. Parfums Grès confirmed through examination of the bottle and box that the Purported CABOTINE DE GRÈS perfume purchased from Perfume World is not authentic.

21. The packaging of the authentic CABOTINE DE GRÈS perfume (left) and of the Purported CABOTINE DE GRÈS perfume (right) are shown below:



22. The bottle of the authentic CABOTINE DE GRÈS perfume (left) and of the Purported CABOTINE DE GRÈS perfume (right) are also shown below:



23. On June 20, 2008, a paralegal from Plaintiff's law firm purchased a 3.4 fl. oz. bottle of CABOTINE DE GRÈS perfume from Perfume World. The Retail price paid was $15. (A true and correct copy of the invoice is attached hereto as Exhibit C.)

24. Parfums Grès confirmed through examination of the bottle and box that the Purported CABOTINE DE GRÈS perfume purchased from Perfume World on June 20, 2008 is not authentic.

25. Perfume World has sold and upon information and belief, is selling, the Purported CABOTINE DE GRÈS perfume without authorization or license from Parfums Grès.

26. Perfume World's activities are likely to cause confusion in the marketplace as to the source of the goods, deceive the public, and harm and dilute Parfums Grès's CABOTINE DE GRÈS trademark.

27. The Purported CABOTINE DE GRÈS perfume is not a genuine Parfums Grès product. Parfums Grès did not manufacture, inspect or package it, and did not approve it for sale or distribution.

28. The packaging of the Purported CABOTINE DE GRÈS perfume is not authorized by Parfums Grès. Parfums Grès did not approve the use of the CABOTINE DE GRÈS trademark on the packaging of the Purported CABOTINE DE GRÈS perfume.

29. Perfume World is trading on and receiving the benefit of the goodwill that Parfums Grès has established in its CABOTINE DE GRÈS trademark by selling counterfeit products at below-market prices.

30. Perfume World's unauthorized products and sales prevent Parfums Grès from having the ability to control the nature and quality of its goods and places the valuable reputation

and goodwill of Parfums Grès and the CABOTINE DE GRÈS trademark into the hands of Perfume World, over whom Parfums Grès exerts no control.

31.     Unless the acts of Perfume World are temporarily, preliminarily and permanently enjoined by this Court, such acts will continue to cause irreparable injury to Parfums Grès and to the public for which there is no adequate remedy at law.

## FIRST CAUSE OF ACTION:

### Infringement of Registered Trademark

32.     Parfums Grès repeats and realleges each and every paragraph set forth above as if fully set forth herein.

33.     Perfume World has used in commerce, without Parfums Grès's consent, either a reproduction, counterfeit, copy or colorable imitation of the CABOTINE DE GRÈS registered trademark in connection with the sale, offering for sale, distribution and/or advertising of counterfeit perfume that is likely to cause mistake or to deceive.

34.     The acts of Perfume World complained of herein constitute infringement of a registered trademark in violation of 15 U.S.C. § 1114.

## SECOND CAUSE OF ACTION:

### False Descriptions and Representations and False Designation of Origin

35.     Parfums Grès repeats and realleges each and every paragraph set forth above as if fully set forth herein.

36.     Perfume World has used in commerce a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which was or is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Perfume World with

Parfums Grès or as to the origin, sponsorship, or approval of the Purported CABOTINE DE GRÈS perfume by Parfums Grès.

37.   The acts of Perfume World complained of herein constitute false descriptions and representations and false designation of origin in violation of 15 U.S.C. § 1125.

## THIRD CAUSE OF ACTION:

### Federal Trademark Dilution

38.   Parfums Grès repeats and realleges each and every paragraph set forth above as if fully set forth herein.

39.   Parfums Grès's CABOTINE DE GRÈS trademark is famous and distinctive within the meaning of 15 U.S.C. § 1125(c).

40.   Perfume World began to sell the products at issue in this action after Parfums Grès's CABOTINE DE GRÈS trademark became famous.

41.   Perfume World has diluted and is likely to dilute Parfums Grès's CABOTINE DE GRÈS trademark.

42.   The acts of Perfume World complained of herein constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

## FOURTH CAUSE OF ACTION:

### Trafficking in Counterfeit Goods

43.   Parfums Grès repeats and realleges each and every paragraph set forth above as if fully set forth herein.

44.   Perfume World's acts complained of herein constitute the sale of goods bearing counterfeit marks.  Perfume World has trafficked these goods in violation of the Trademark

Counterfeiting Act of 1984, 15 U.S.C. § 1116(d) and unless restrained and enjoined, will continue to traffic these goods, all to Parfums Grès' monetary damage and irreparable harm.

## FIFTH CAUSE OF ACTION

### Dilution of Trademark and Injury to Business Reputation

45. Parfums Grès repeats and realleges each and every paragraph set forth above as if fully set forth herein.

46. Parfums Grès's CABOTINE DE GRÈS trademark is distinctive within the meaning of New York General Business Law § 360-1.

47. Perfume World has injured and is likely to injure Parfums Grès's business reputation and/or Perfume World has diluted and is likely to dilute the distinctive quality of the trademark owned by Parfums Grès.

48. The acts of Perfume World complained of herein constitute dilution of Parfums Grès's CABOTINE DE GRÈS trademark and injury to Parfums Grès's business reputation.

## SIXTH CAUSE OF ACTION:

### Deceptive Trade Practices

49. Parfums Grès repeats and realleges each and every paragraph set forth above as if fully set forth herein.

50. Perfume World is selling, offering for sale and/or distributing unauthorized and counterfeit products bearing the CABOTINE DE GRÈS trademark.

51. The acts of Perfume World complained of herein constitute deceptive trade practices in violation of New York General Business Law § 349.

## SEVENTH CAUSE OF ACTION:

### Common Law Unfair Competition

52. Parfums Grès repeats and realleges each and every paragraph set forth above as if fully set forth herein.

53. By virtue of the foregoing activities alleged herein, Perfume World has unfairly competed with Parfums Grès in violation of the common law of the state of New York.

## EIGHTH CAUSE OF ACTION:

### Unjust Enrichment

54. Parfums Grès repeats and realleges each and every paragraph set forth above as if fully set forth herein.

55. By reason of Perfume World's above-described unlawful activities, Parfums Grès has sustained injury, damage and loss, and Perfume World has been unjustly enriched.

## PRAYER FOR RELIEF

WHEREFORE, Parfums Grès prays that:

(a) Perfume World, its agents, servants, employees and all persons acting in concert or participating with Perfume World, be preliminarily and permanently enjoined and restrained from:

    (i) selling merchandise with Parfums Grès's CABOTINE DE GRÈS trademark or confusingly similar variations thereof, alone or in combination with any other letters, words, symbols, phrases or designs, in commerce, without Parfums Grès's consent and/or approval;

(ii) committing any acts calculated to cause the public to believe that Perfume World's products are those sold under the control and supervision of Parfums Grès or sponsored or approved by Parfums Grès;

(iii) further diluting and infringing Parfums Grès's CABOTINE DE GRÈS trademark and damaging Parfums Grès's goodwill;

(iv) otherwise unfairly competing with Parfums Grès in the sale, offering for sale or distribution of perfume;

(v) shipping, delivering, distributing, returning or otherwise disposing of, in any manner, the Purported CABOTINE DE GRÈS perfume;

(vi) using in connection with the sale of any goods, a false description or representation including words or symbols tending to falsely describe or represent such products as being Parfums Grès's perfume products and from offering such goods in commerce without the consent and approval of Parfums Grès;

(vii) destroying any records documenting the manufacture, distribution, sale or receipt of the Purported CABOTINE DE GRÈS perfume; and

(viii) assisting, aiding or abetting any other person or business entity to engage in or perform any of the activities referenced in subparagraphs (i) through (vii) above.

(b) Perfume World, within three (3) days after the entry of service on Perfume World of an injunction, whether preliminary or permanent, be ordered to provide Parfums Grès with a complete list of individuals or entities (including names, addresses and other contact information) from whom it purchased and to whom it has

distributed and/or sold all products bearing Parfums Grès's CABOTINE DE GRÈS trademark.

   (c) Perfume World be required to deliver to Parfums Grès for destruction its entire inventory of the Purported CABOTINE DE GRÈS perfume.

   (d) Perfume World, within fifteen (15) days after the entry of service on Perfume World of an injunction, whether preliminary or permanent, be ordered to file with this Court and serve upon Parfums Grès a written report under oath setting forth in detail the manner in which it has complied with such injunction.

   (e) Parfums Grès recover exemplary damages.

   (f) Perfume World account for and pay to Parfums Grès profits realized by Perfume World by reason of Perfume World's unlawful acts, increased as the Court finds to be just under the circumstances of this case.

   (g) Parfums Grès be awarded reasonable attorneys' fees, costs of this action, and prejudgment and postjudgment interest.

      (h)    Parfums Grès recover such other relief as this Court deems appropriate.

Dated: July 2, 2008
       New York, New York

Respectfully submitted,

K&L GATES LLP

By: _____
Darren W. Saunders (DS-0456)
Mark I. Peroff (MP-6858)
Joanna A. Diakos (JD-7269)
599 Lexington Avenue
New York, NY 10022
Tel: (212) 536-3900
Fax: (212) 536-3901

*Attorneys for Plaintiff Parfums Grès SA*