Darren W. Saunders (DS-0456)
Mark I. Peroff (MP-6858)
Joanna A. Diakos (JD-7269)
K& L GATES LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212) 536-3900
Fax: (212) 536-3901

*Attorneys for Parfums Grès SA*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PARFUMS GRÈS SA,                              )
                                             )
            *Plaintiff,*                      )
                                             )
            -against-                         )
                                             )
PERFUME CENTER OF AMERICA INC. and            )
PERFUME WORLD CENTER, LLC,                     )
                                             )
            *Defendants.*                      )
-------------------------------------------------------------x

Civil Action No. 08 cv 6028 (AKH)

## AMENDED COMPLAINT

Parfums Grès SA ("Parfums Grès"), by its undersigned attorneys, for its complaint

against Defendants Perfume Center of America Inc. ("Perfume Center") and Perfume World

Center, LLC ("Perfume World") (collectively, "Defendants") alleges as follows:

## NATURE OF THE ACTION

1.      This action involves the distribution and sale of counterfeit perfume products.

Upon information and belief, Defendants are distributing and selling counterfeit versions of

Plaintiff's Cabotine de Grès perfume and are using Parfums Grès's registered "Cabotine de

Grès" trademark without authorization, creating the false impression that the products Defendants are selling are genuine and authentic.

2.      Parfums Grès seeks injunctive and monetary relief against Defendants for: (a) federal trademark infringement under 15 U.S.C. § 1114; (b) false descriptions and representations and false designation of origin under 15 U.S.C. § 1125 (a); (c) federal trademark dilution under 15 U.S.C. § 1125 (c); (d) dilution of trademark and injury to business reputation under New York General Business Law § 360-1; (e) counterfeiting under 15 U.S.C. § 1116(d); (f) deceptive trade practices under New York General Business Law § 349; (g) unfair competition under the common law of the State of New York; and (h) unjust enrichment under the laws of the State of New York.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, and the general principles of ancillary and pendent jurisdiction.

4.      This Court has personal jurisdiction over Defendants, which conduct business in the State of New York.

5.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391.

## PARTIES

6.      Parfums Grès SA is a joint stock company organized and existing under the laws of Switzerland, having its principal place of business at Buhlstrasse 1, CH-8125 Zollikerberg, Switzerland.

7.      Upon information and belief, Defendant Perfume Center of America Inc. is a New York corporation with a principal place of business at 100 Commercial St., Plainview, NY 11803.

8.      Upon information and belief, Defendant Perfume World Center, LLC is a New York limited liability corporation with a principal place of business at 1204 Broadway, Ste. 3, New York, NY 10001.

## THE CABOTINE DE GRÈS PRODUCT AND TRADEMARK

9.      The Parfums Grès brand name was established by the exceptional personality of Madame Grès, who was originally a hat maker. The brand name has long-ago attained a prestigious image in the fashion and fragrance fields.

10.     Parfums Grès marketed its first fragrance, CABOCHARD, in 1959, and today it is recognized as a true classic fragrance.

11.     In 1990, Parfums Grès introduced a second fragrance, CABOTINE DE GRÈS, with a new concept targeted to a younger customer base. The new fragrance was an immediate success. In 1992, CABOTINE DE GRÈS received the International Award for Best Women's Fragrance from the prestigious Accademia del Profumo in Italy.

12.     The perfume is sold in a unique bottle and cap that was designed by the French design firm Thierry Lecoule. The bottle is a clear glass, oval-shaped design with a cut glass bottom and a tapered top that simulates a vase. The cap is an elegant, green-colored glass sculpture of flowers. The box is cream colored with embossed flowers on the front and side panels and a distinctive blue, yellow and green repeated design. The CABOTINE DE GRÈS trademark appears prominently on the bottle and front panel of the box. The bottle and box for

CABOTINE DE GRÈS perfume are shown below.

 

13.    The CABOTINE DE GRÈS trademark is used with other products in addition to perfumes, including body lotions, shower gels, and other accessories.

14.    The CABOTINE DE GRÈS products are commercially significant to Parfums Grès.  Since 2005, the CABOTINE DE GRÈS products have generated nearly 26 million Swiss francs (about 25 million U.S. dollars) in revenue worldwide, including over 3 million Swiss francs in U.S. sales.

15.    As a result of its promotional efforts and its high quality products, Parfums Grès owns valuable rights in the CABOTINE DE GRÈS trademark and the goodwill associated with the trademark.  Consumers of fine fragrance products in the United States and abroad recognize CABOTINE DE GRÈS and associate it with a single source.

16.    Parfums Grès has engaged and continues to engage in interstate activities to promote the CABOTINE DE GRÈS products and the business and goodwill associated with its

trademark in the State of New York and throughout the United States. For example, Parfums Grès provides retailers, free of charge, with various promotional items to use in stores and to give to consumers to advertise and promote CABOTINE DE GRÈS. These include gift sets (free gift with purchase), miniature bottles of perfume, tester bottles and stands, banners for in-store display, blotter cards and other goods.

17.    Parfums Grès has spent in excess of $100,000.00 advertising and promoting its CABOTINE DE GRÈS products in the United States as of last year.

18.    In recognition of Parfums Grès's exclusive rights in and to the CABOTINE DE GRÈS trademark, the United States Patent and Trademark Office granted U.S. Registration No. 1,944,810 to Parfums Grès on January 2, 1996. Parfums Grès's CABOTINE DE GRÈS trademark is in full force and is incontestable. (A true and correct copy of the certificate of federal registration for the CABOTINE DE GRÈS trademark is attached as Exhibit A.)

## DEFENDANTS' ACTIVITIES AND PERFUME PRODUCT

19.    Defendant Perfume World sells perfume products. Perfume World has a retail store located at 1204 Broadway, Store #3, New York, New York.

20.    On April 30, 2008 a private investigator retained by Parfums Grès purchased two 3.4 fl. oz. bottles of "Cabotine de Grès" perfume from Perfume World (hereinafter referred to as the "Purported CABOTINE DE GRÈS perfume"). The Retail price paid was $13.00 per bottle. (A true and correct copy of the invoice is attached hereto as Exhibit B.)

21.    Parfums Grès confirmed through examination of the bottle and box that the Purported CABOTINE DE GRÈS perfume purchased from Perfume World is not authentic.

22.    The packaging of the authentic CABOTINE DE GRÈS perfume (left) and of the

Purported CABOTINE DE GRÈS perfume (right) are shown below:



23.    The bottle of the authentic CABOTINE DE GRÈS perfume (left) and of the

Purported CABOTINE DE GRÈS perfume (right) are also shown below:



24.    On June 20, 2008, a paralegal from Plaintiff's law firm purchased a 3.4 fl. oz. bottle of CABOTINE DE GRÈS perfume from Perfume World. The Retail price paid was $15. (A true and correct copy of the invoice is attached hereto as Exhibit C.)

25.    Parfums Grès confirmed through examination of the bottle and box that the Purported CABOTINE DE GRÈS perfume purchased from Perfume World on June 20, 2008 is not authentic.

26.    Perfume World has sold and upon information and belief, is selling, the Purported CABOTINE DE GRÈS perfume without authorization or license from Parfums Grès.

27.    Perfume World's activities are likely to cause confusion in the marketplace as to the source of the goods, deceive the public, and harm and dilute Parfums Grès's CABOTINE DE GRÈS trademark.

28.    The Purported CABOTINE DE GRÈS perfume is not a genuine Parfums Grès product. Parfums Grès did not manufacture, inspect or package it, and did not approve it for sale or distribution.

29.    The packaging of the Purported CABOTINE DE GRÈS perfume is not authorized by Parfums Grès. Parfums Grès did not approve the use of the CABOTINE DE GRÈS trademark on the packaging of the Purported CABOTINE DE GRÈS perfume.

30.    Perfume Center is a wholesale distributor of perfume products. Upon information and belief, Perfume Center sells perfume to wholesalers and retailers in the United States and other countries. The Perfume Center "About Us" page on its website explains as follows:

> Perfume Center of America is a customer oriented wholesale
> distributor. We pride ourselves in a large inventory with prompt
> delivery of quality products to our clients is [sic] Our worldwide
> clientele includes customers from the entire world.

> Perfume Center of America has experience of over 15 years of
> experience in the wholesale perfume industry.  We lead the
> industry with selection, pricing, order fulfillment and overall client
> satisfaction.

(A true and correct copy of a printout of the Perfume Center "About Us" webpage dated June 12,

2008, is attached as Exhibit D.)

    31.    Upon information and belief, Perfume Center also sells a "1.7 oz EDT Spray"

labeled "Cabotine by Parfums Grès" at a price of $8.50 per bottle and the 3.4 fl. oz. version of

the Purported CABOTINE DE GRÈS perfume.

    32.    Upon information and belief, Perfume World is a customer of Perfume Center.

    33.    Upon information and belief, the Purported CABOTINE DE GRÈS perfume sold

by Perfume World to Plaintiff's investigator was purchased from and distributed by Perfume

Center.

    34.    On July 16, 2008, Plaintiff's investigator purchased one bottle of Purported

CABOTINE DE GRÈS perfume from another retailer located in New York.

    35.    Parfums Grès confirmed through examination of the box that the Purported

CABOTINE DE GRÈS perfume purchased on July 16, 2008 is not authentic.

    36.    The retailer has advised Plaintiff's counsel that it purchased the Purported

CABOTINE DE GRÈS perfume from Perfume Center.

    37.    Parfums Grès confirmed through examination of the bottles and boxes that the

Purported CABOTINE DE GRÈS perfume purchased from Perfume Center are not authentic.

    38.    Defendants have sold and, upon information and belief, are selling, the Purported

CABOTINE DE GRÈS perfume without authorization or license from Parfums Grès.

39.    Defendants' activities are likely to cause confusion in the marketplace as to the source of the goods, deceive the public, and harm and dilute Parfums Grès's CABOTINE DE GRÈS trademark.

40.    The purported CABOTINE DE GRÈS perfume is not a genuine Parfums Grès product.  Parfums Grès did not manufacture, inspect or package it, and did not approve it for sale or distribution.

41.    The packaging of the Purported CABOTINE DE GRÈS perfume is not authorized by Parfums Grès.  Parfums Grès did not approve the use of the CABOTINE DE GRÈS trademark on the packaging of the Purported CABOTINE DE GRÈS perfume.

42.    Defendants are trading on and receiving the benefit of the goodwill that Parfums Grès has established in its CABOTINE DE GRÈS trademark by selling counterfeit products at below-market prices.

43.    Defendants' unauthorized products and sales prevent Parfums Grès from having the ability to control the nature and quality of its goods and places the valuable reputation and goodwill of Parfums Grès and the CABOTINE DE GRÈS trademark into the hands of the Defendants, over whom Parfums Grès exerts no control.

44.    Unless the acts of Defendants are temporarily, preliminarily and permanently enjoined by this Court, such acts will continue to cause irreparable injury to Parfums Grès and to the public for which there is no adequate remedy at law.

## FIRST CAUSE OF ACTION:

### Infringement of Registered Trademark

45.    Parfums Grès repeats and realleges each and every paragraph set forth above as if fully set forth herein.

46.    Defendants used in commerce, without Parfums Grès's consent, either a reproduction, counterfeit, copy or colorable imitation of the CABOTINE DE GRÈS registered trademark in connection with the sale, offering for sale, distribution and/or advertising of counterfeit perfume that is likely to cause mistake or to deceive.

47.    The acts of Defendants complained of herein constitute infringement of a registered trademark in violation of 15 U.S.C. § 1114.

## SECOND CAUSE OF ACTION:

### False Descriptions and Representations and False Designation of Origin

48.    Parfums Grès repeats and realleges each and every paragraph set forth above as if fully set forth herein.

49.    Defendants used in commerce a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which was or is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Parfums Grès or as to the origin, sponsorship, or approval of the Purported CABOTINE DE GRÈS perfume by Parfums Grès.

50.    The acts of Defendants complained of herein constitute false descriptions and representations and false designation of origin in violation of 15 U.S.C. § 1125.

## THIRD CAUSE OF ACTION:

### Federal Trademark Dilution

51.    Parfums Grès repeats and realleges each and every paragraph set forth above as if fully set forth herein.

52.    Parfums Grès's CABOTINE DE GRÈS trademark is famous and distinctive within the meaning of 15 U.S.C. § 1125(c).

53.    Defendants began to sell their products at issue in this action after Parfums Grès's CABOTINE DE GRÈS trademark became famous.

54.    Defendants have diluted and are likely to dilute Parfums Grès's CABOTINE DE GRÈS trademark.

55.    The acts of Defendants complained of herein constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

## FOURTH CAUSE OF ACTION:

### Trafficking in Counterfeit Goods

56.    Parfums Grès repeats and realleges each and every paragraph set forth above as if fully set forth herein.

57.    Defendants' acts complained of herein constitute the sale of goods bearing counterfeit marks.  Defendants have trafficked these goods in violation of the Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116(d) and unless restrained and enjoined, will continue to traffic these goods, all to Parfums Grès' monetary damage and irreparable harm.

## FIFTH CAUSE OF ACTION

### Dilution of Trademark and Injury to Business Reputation

58.     Parfums Grès repeats and realleges each and every paragraph set forth above as if fully set forth herein.

59.     Parfums Grès's CABOTINE DE GRÈS trademark is distinctive within the meaning of New York General Business Law § 360-1.

60.     Defendants have injured and are likely to injure Parfums Grès's business reputation and/or Defendants have diluted and are likely to dilute the distinctive quality of the trademark owned by Parfums Grès.

61.     The acts of Defendants complained of herein constitute dilution of Parfums Grès's CABOTINE DE GRÈS trademark and injury to Parfums Grès's business reputation.

## SIXTH CAUSE OF ACTION:

### Deceptive Trade Practices

62.     Parfums Grès repeats and realleges each and every paragraph set forth above as if fully set forth herein.

63.     Defendants are selling, offering for sale and/or distributing unauthorized and counterfeit products bearing the CABOTINE DE GRÈS trademark.

64.     The acts of Defendants complained of herein constitute deceptive trade practices in violation of New York General Business Law § 349.

## SEVENTH CAUSE OF ACTION:

### Common Law Unfair Competition

65.     Parfums Grès repeats and realleges each and every paragraph set forth above as if fully set forth herein.

66.   By virtue of the foregoing activities alleged herein, Defendants have unfairly competed with Parfums Grès in violation of the common law of the state of New York.

## EIGHTH CAUSE OF ACTION:

### Unjust Enrichment

67.   Parfums Grès repeats and realleges each and every paragraph set forth above as if fully set forth herein.

68.   By reason of Defendants' above-described unlawful activities, Parfums Grès has sustained injury, damage and loss, and Defendants have been unjustly enriched.

### PRAYER FOR RELIEF

WHEREFORE, Parfums Grès prays that:

(a)   Defendants, their agents, servants, employees and all persons acting in concert or participating with them, be temporarily, preliminarily and permanently enjoined and restrained from:

(i)   selling merchandise with Parfums Grès's CABOTINE DE GRÈS trademark or confusingly similar variations thereof, alone or in combination with any other letters, words, symbols, phrases or designs, in commerce, without Parfums Grès's consent and/or approval;

(ii)   committing any acts calculated to cause the public to believe that Defendants' products are those sold under the control and supervision of Parfums Grès or sponsored or approved by Parfums Grès;

(iii)   further diluting and infringing Parfums Grès's CABOTINE DE GRÈS trademark and damaging Parfums Grès's goodwill;

   (iv)  otherwise unfairly competing with Parfums Grès in the sale, offering for sale or distribution of perfume;

   (v)  shipping, delivering, distributing, returning or otherwise disposing of, in any manner, the Purported CABOTINE DE GRÈS perfume;

   (vi)  using in connection with the sale of any goods, a false description or representation including words or symbols tending to falsely describe or represent such products as being Parfums Grès's perfume products and from offering such goods in commerce without the consent and approval of Parfums Grès;

   (vii)  destroying any records documenting the manufacture, distribution, sale or receipt of the Purported CABOTINE DE GRÈS perfume; and

   (viii)  assisting, aiding or abetting any other person or business entity to engage in or perform any of the activities referenced in subparagraphs (i) through (vii) above.

  (b)  Defendants, within three (3) days after the entry of service on Defendants of an injunction, whether temporary, preliminary or permanent, be ordered to provide Parfums Grès with a complete list of individuals or entities (including names, addresses and other contact information) from whom they purchased and to whom they have distributed and/or sold all products bearing Parfums Grès's CABOTINE DE GRÈS trademark.

  (c)  Defendants be required to deliver to Parfums Grès for destruction their entire inventory of the Purported CABOTINE DE GRÈS perfume.

(d)     Defendants, within fifteen (15) days after the entry of service on Defendants of an injunction, whether temporary, preliminary or permanent, be ordered to file with this Court and serve upon Parfums Grès a written report under oath setting forth in detail the manner in which each of the Defendants has complied with such injunction.

(e)     Parfums Grès recover exemplary damages.

(f)     Defendants account for and pay to Parfums Grès profits realized by Defendants by reason of Defendants' unlawful acts, increased as the Court finds to be just under the circumstances of this case.

(g)     Parfums Grès be awarded reasonable attorneys' fees, costs of this action, and prejudgment and postjudgment interest.

(h)     Parfums Grès recover such other relief as this Court deems appropriate.

Dated: August 29, 2008
       New York, New York

Respectfully submitted,

K& L GATES LLP

Darren W. Saunders (DS-0456)
Mark I. Peroff (MP-6858)
Joanna A. Diakos (JD-7269)
599 Lexington Avenue
New York, NY 10022
Tel: (212) 536-3900
Fax: (212) 536-3901

*Attorneys for Plaintiff Parfums Grès SA*

# EXHIBIT A

Int. Cl.: 3

Prior U.S. Cl.: 52

## United States Patent and Trademark Office

Reg. No. 1,944,810
Registered Jan. 2, 1996

## TRADEMARK
### PRINCIPAL REGISTER

## CABOTINE DE GRES

GRES PRODUCTIONS (FRANCE JOINT STOCK COMPANY)
94, RUE EDOUARD VAILLANT
LEVALLOIS-PERRET, FRANCE , ASSIGNEE OF GRES PRODUCTIONS (FRANCE CORPORATION) NEUILLY SUR SEINE, FRANCE

FOR: SKIN SOAPS, TOILET SOAPS, DEODORANT SOAPS, BUBBLE BATH, HAIR SHAMPOO, SHOWER GEL, AFTER SHAVE, PERFUME, COLOGNE, TOILET WATER, EAU DE TOILETTE, SKIN LOTION, BATH OIL, BODY OIL, ESSENTIAL OILS FOR PERSONAL USE, ESSENTIAL OILS FOR USE AS INGREDIENTS IN THE MANUFACTURE OF COSMETIC PREPARATIONS, SKIN CREAM, HAND CREAM, LIPSTICK, BLUSHER, EYE SHADOW, EYE MAKEUP, MASCARA, ROUGE, NAIL POLISH, FACE POWDER, AND DENTIFRICES, IN CLASS 3 (U.S. CL. 52).

PRIORITY CLAIMED UNDER SEC. 44(D) ON FRANCE APPLICATION NO. 158324, FILED 10–3–1989, REG. NO. 1553402, DATED 10–3–1989, EXPIRES 10–3–1999.

OWNER OF U.S. REG. NO. 970,332.

THE ENGLISH TRANSLATION OF THE MARK IS "PLAYACTRESS OF GRES".

SER. NO. 74–012,895, FILED 12–21–1989.

SCOTT GOODPASTER, EXAMINING ATTORNEY

# EXHIBIT B



# PERFUME WORLD CENTER LLC.

1204 Broadway, Store # 3 (Bet. 29th & 30th Street)
New York, N.Y. 10001
Tel: (212) 532-2912 • Fax: (212) 532-2312
E-mail: perfumeworldcenter@gamil.com

**SALES ORDER**
No. **2416**

| CUSTOMER'S ORDER NO. | | PHONE | | | DATE 8·11·30·08 |
|---|---|---|---|---|---|
| NAME | | C. Card  P.w.C. | | | |
| ADDRESS | | Visa | | | |

| SOLD BY | CASH | C.O.D. | CHARGE | ON. ACCT. | MDSE.RETD | PAID OUT |
|---|---|---|---|---|---|---|

| QTY. | DESCRIPRTION | PRICE | AMOUNT |
|---|---|---|---|
| 2 (w) | Calvlic  Burp | 13 | 96 |
| | | | 2.95 |
| | | | 28.95 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | Thank You | TAX |
| RECEIVED BY | | | TOTAL |

Jaydev Printing 212-594-7276

All claims for damaged merchandise in transit are the responsibility of the freight carrier. No returns considered unless made within seven days after receipt of good. No returns accepted without written authorization. Prices are subject to change without notice. $25.00 charged for every returned check. A 25% restocking charge apply to all returns if approved

Neither seller nor manufacturer shall be liable for any injury, loss or damage, direct or damage, direct or consequential, arising out of the use of or the inability to use the product. Before using, user shall determine the suitability of the products for his intended use, and user assumes all risk and liability whatsoever therein. The following is made in lieu of the warranties, expressed or implied. Seller's and manufacturer's only obligation

# EXHIBIT C



# PERFUME WORLD CENTER LLC.

1204 Broadway, Store # 3 (Bet. 29th & 30th Street)
New York, N.Y. 10001
Tel: (212) 532-2912 • Fax: (212) 532-2312
E-mail: perfumeworldcenter@gamil.com

**SALES ORDER**
No.

**002924**

| CUSTOMER'S ORDER NO. | | PHONE | | | DATE 06-20-08 | | |
|---|---|---|---|---|---|---|---|
| NAME | | | | | | | |
| ADDRESS | | | | | | | |

| SOLD BY | CASH | C.O.D | CHARGE | ON. ACCT. | MDSE. RETD | PAID OUT | |
|---|---|---|---|---|---|---|---|

| QTY. | DESCRIPTION | | PRICE | AMOUNT | |
|---|---|---|---|---|---|
| 1 (w) | Cabotine | | | 15. | |
| 1 (w) | Armani Diamond 1.7/p | | | 45. | |
| 1 (w) | BCBG 1.7/p | | | 24. | |
| | | | | 84. | |
| | | | | 7.26 | |
| | | | | 91.26 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | *Thank You* | | TAX | | |
| RECEIVED BY | | | TOTAL | | |

Jaydev Printing 212-594-7276

All claims for damaged merchandise in transit are the responsibility of the freight carrier. No returns considered unless made within seven days after receipt of good. No returns accepted without written authorization. Prices are subject to change without notice. $20.00 charged for every returned check. A 25% restocking charge apply to all returns if approved by PWC LLC.
No Refund - No Exchange. (Open 7 Days a Weeks)

Neither seller nor manufacturer shall be liable for any injury, loss or damage, direct or consequential, arising out of the use or of the inability to use the product. Before using, user shall determine the suitability of the products for his intended use, and user assumes all risk and liability whatsoever therein. The following is made in lieu of the warranties, expressed or implied. Seller's and manufacturer's only obligation shall be to replace such quality of the product proved to be defective if returned within seven days of receipt of merchandise.
Service charge 1.1% per month. 13.2% per Annum Assessed on past due accounts.

# EXHIBIT D



Your Account | Your Cart

**Home** | **About Us** | **Services** | **Job** | **Buy Online**

## Contact Info:

**Perfume Center of America, INC.**
**100 Commercial St.**
**Plainview, NY 11803**
**phone: (516)576-1300**
**fax: (516)576-1313**
**sales@perfume-center.com**

## About Us

Perfume Center of America is a customer oriented wholesale distributor. We pride ourselves in a large inventory with prompt d of quality products to our clients is Our worldwide clientele includ customers from the entire world.

Perfume Center of America has experience of over 15 years of experience in the wholesale perfume industry. We lead the indus with selection, pricing, order fulfillment and overall client satisfact

Become a New Customer!     Letter from the Presider



**CONTACT US** | **HELP** | **PRIVACY** | **RETURN POLICY** | **MY ACCOUNT** | **SITE MAP** | **WHOLESALE**     Copyright 2008 by perfume cer